**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1878
_____

CHRISTOPHER THOMPSON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A040 094 112)
Immigration Judge:  Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2011
Before:  JORDAN, GARTH AND BARRY, Circuit Judges

(Opinion filed : September 9, 2011 )

_____

OPINION
_____

PER CURIAM

Christopher Thompson petitions for review of an order of the Board of

Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's

("IJ") final removal order.  We will deny the petition for review.

Thompson is a native and citizen of Jamaica. Thompson entered the United States as a lawful permanent resident in 1986. On January 8, 2010, he was convicted of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Thompson was charged with being removable for having been convicted of a controlled substance violation and an aggravated felony. The IJ found he was removable as charged, and noted that Thompson did not appear to be eligible for any relief from removal. In his brief on appeal to the BIA, Thompson argued that his conviction did not constitute an aggravated felony, and that he should be granted cancellation of removal. The BIA agreed with the IJ that Thompson's conviction is an aggravated felony, and held that he was therefore ineligible for cancellation of removal. Thompson filed a timely petition for review.

We lack jurisdiction to consider a petition for review filed by an alien who has been convicted of an aggravated felony or certain controlled substance offenses. Immigration and Nationality Act ("INA") § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]. However, we can consider the jurisdictional prerequisite of whether the alien's conviction constitutes an aggravated felony, and we can also hear "constitutional claims and questions of law" (but not factual challenges) even if presented by an alien convicted of an aggravated felony or controlled substance offense. Restrepo v. Att'y Gen., 617 F.3d 787, 790 (3d Cir. 2010).

It is clear that Thompson's conviction constitutes an aggravated felony under the statute. Conspiracy to commit an aggravated felony is itself an aggravated felony. INA

2

§ 101(a)(43)(U) [8 U.S.C. § 1101(a)(43)(U)]. We therefore must consider whether the substantive crime that was the object of the conspiracy qualifies as an aggravated felony under § 1101(a)(43). See Tran v. Gonzales, 414 F.3d 464, 468 n. 3 (3d Cir. 2005). Possession with intent to deliver more than 1000 kilograms of marijuana unquestionably qualifies as an aggravated felony. The INA defines "aggravated felony" as including "a drug trafficking crime (as defined in section 924(c) of Title 18)." INA § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)]. Section 924(c)(2), in turn, defines a "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Moreover, the Controlled Substances Act (CSA) "defines as, 'felonies' . . . those crimes to which it assigns a punishment exceeding one year's imprisonment." Lopez v. Gonzales, 549 U.S. 47, 56 n. 7 (2006). Thus, a conviction will qualify as an aggravated felony if it is for a crime that is punishable under the CSA and for which more than one year's imprisonment may be imposed. As Thompson's crime is a violation of the CSA, and as the CSA prescribes a maximum penalty of life imprisonment for his crime, see 21 U.S.C. § 841(b)(1)(A), his conviction is an aggravated felony. He is therefore removable for having committed an aggravated felony, see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)],[1] and is thus ineligible for cancellation of removal, see INA

---

[1] Thompson does not dispute the fact that he is also removable pursuant to INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)] for having been convicted of a crime relating to a controlled substance violation.

§ 240A(a)(3) [8 U.S.C. § 1229b(a)(3)].[2]

For the foregoing reasons, we will deny the petition for review.

---

[2] Thompson also argues that the BIA erred by failing to consider his claims for relief under former section 212(c) of the INA, and under sections 212(h) and 209. He has not explained how he might be eligible to adjust his status pursuant to § 209. Thompson is ineligible for relief under § 212(c), as it was repealed long before Thompson's conviction, and he is ineligible for a waiver under § 212(h) because of his aggravated felony conviction. We agree with the Government that any failure to address these claims for relief was harmless. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (holding that harmless error doctrine applied in immigration cases).

4